# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **LARRY EUGENE SKELTON,** | ) | |
| Petitioner, | ) ) ) | |
| v. | ) | **Case No. CIV 02-669-S** |
| **BRENT FATKIN,** | ) ) ) | |
| Respondent. | ) ) | |

## **ORDER**

This action is before the court on petitioner's petition for a writ of habeas corpus. Petitioner, an inmate currently incarcerated at Howard McLeod Correctional Center in Atoka, Oklahoma, attacks his conviction in LeFlore County District Court Case Number CF-2000-92 for Unlawful Possession of a Controlled Dangerous Substance (Methamphetamine), After Former Conviction of Two or More Felonies (Count 1).[1] He sets forth the following grounds for relief in his petition, *see* Docket #1, and his supplement, *see* Docket #9.

I. The State failed to establish a chain of custody for State's Exhibits 1 and 2, thus the evidence was inadmissible and denied due process.

II. Petitioner is actually innocent of the charge alleged.

III. Ineffective assistance of trial counsel.

The respondent has filed a response to Grounds I and II [Docket #5], asserting that petitioner has exhausted his state court remedies for Ground I. The following records have

---

[1] Petitioner also was convicted of Attempting to Elude a Police Officer (Count 2) and Driving While License Suspended (Count 3). Count 2 was dismissed by the court after at sentencing for insufficient evidence.

been submitted to the court for consideration in this matter:

    A.    Petitioner's direct appeal brief.

    B.    The State's brief in petitioner's direct appeal.

    C.    Summary Opinion affirming petitioner's Judgments and Sentences. *Skelton v. State*, No. F-2000-741 (Okla. Crim. App. June 28, 2001).

    D.    Petitioner's Judgment and Sentence in CF-2000-92.

## **Ground I: Chain of Custody**

Petitioner alleges he was charged with a residue baggie of methamphetamine that was seized during a traffic stop on January 30, 2000. He claims the police officer kept the evidence in the police officer's apartment until he took it to the police evidence locker on February 16, 2000. The respondent alleges this issue is a matter of state law and is not cognizable in a federal habeas corpus proceeding.

On direct appeal the Oklahoma Court of Criminal Appeals denied relief:

> [Petitioner] raises one proposition in this appeal, that the State failed to establish a chain of custody for State's exhibit's [sic] one and two, the methamphetamine and evidence envelope, thereby rendering the evidence inadmissible and denying [petitioner] his due process rights, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article II, Section 20 of the Oklahoma Constitution. However, after thoroughly considering this proposition and the entire record before us, including the original record, transcripts, and briefs of the parties, we have determined neither reversal nor modification is required.
>
> First, [petitioner] failed to object to the admission of either exhibit or raise a claim at trial that the chain of custody had not been sufficiently established. This waived all but plain error. Okla. Stat. tit. 12, § 2104; *Simpson v. State*, 876 P.2d 690, 693 (Okla. Crim. App. 1994). Furthermore, there was no evidence of tampering and the State laid a sufficient foundation that the evidence was in substantially the same condition as when the crime occurred. We find the evidence was properly admitted. *Middaugh v. State*, 767 P.2d 432, 436 (Okla. Crim. App. 1988).

*Skelton v. State*, No. F-2000-741, slip op. at 1-2 (Okla. Crim. App. June 28, 2001).

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citing 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21 (1995) (per curium)). Erroneous evidentiary rulings are not grounds for federal habeas relief unless the rulings render the state proceedings so fundamentally unfair as to violate due process. *See Williamson v. Ward*, 110 F.3d 1508, 1522-23 (10th Cir. 1997). This ground for habeas relief is meritless.

**Ground II: Actual Innocence**

Petitioner alleges there is no evidence to support a finding of guilt. The only evidence was the officer's statement that he found a baggie in petitioner's wallet. Petitioner claims the baggie was suspect, the chain of custody was not established, and he had no connection to the baggie because he did not possess it. The respondent alleges petitioner has failed to exhaust this claim, but the court should deny relief on the merits.

A review of the record indicates petitioner never has presented this issue to the state courts for review. "[B]ecause a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, . . . a district court must dismiss habeas petitions containing both unexhausted and exhausted claims." *Rose v. Lundy*, 455 U.S. 509, 522 (1982). However, the court finds that dismissal of the petition to allow petitioner to exhaust his state court remedies would be futile, because the Oklahoma Court of Criminal Appeals would hold this claim is procedurally barred. Therefore, the claim is deemed to be exhausted for purposes of habeas corpus review. *See Coleman v. Thompson*, 501 U.S. 722,

732 (1991). Nonetheless, this issue is procedurally barred from habeas corpus review.

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750.

"'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him." *Id.* 501 U.S. at 753. With respect to the "prejudice" prong of the "cause and prejudice" requirement, a petitioner "must shoulder the burden of showing, not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage," infecting the entire proceedings with "error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). The court finds that application of the procedural bar by the Court of Criminal Appeals would be based on state procedural rules, and petitioner has not met the requirements of a showing of cause and prejudice.

The court further finds that petitioner has failed to demonstrate that application of the procedural bar will result in a fundamental miscarriage of justice. The Tenth Circuit Court of Appeals has held that "[c]ases involving a fundamental miscarriage of justice 'are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.'" *Gilbert v. Scott*, 941 F.2d 1065, 1068 n.2 (10th Cir. 1991) (citing *McClesky v. Zant*, 499 U.S. 467, 494 (1991)). Although petitioner alleges he is actually innocent of the crime, he has not supported that allegation with any new evidence sufficient to undermine the court's confidence in the outcome of his criminal proceedings.

*See Schlup v. Delo*, 513 U.S. 298, 316 (1995). This ground for relief fails.

**<u>Ground III: Ineffective Assistance of Counsel</u>**

Finally, petitioner alleges in his supplement [Docket #9] that his trial counsel was ineffective in (1) failing to object to the introduction of a baggie of methamphetamine, (2) failing to establish the chain of custody, and (3) failing to file a motion for a new trial. The respondent has filed a motion to dismiss [Docket #12], alleging the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) (AEDPA). The following dates are pertinent to the motion to dismiss:

| | |
|---|---|
| 06/28/2001 | Petitioner's direct appeal was affirmed by the Oklahoma Court of Criminal Appeals in *Skelton v. State*, No. F-2000-741 (Okla. Crim. App. June 28, 2001). |
| 09/10/2001 | Petitioner filed an application for post-conviction relief in the state district court. |
| 09/26/2001 | Petitioner's conviction became final upon expiration of the ninety-day period for a certiorari appeal to the United States Supreme Court. |
| 04/25/2002 | Petitioner's application for post-conviction relief was denied in *State v. Skelton*, No. CF-2000-92 (LeFlore County Dist. Ct. Apr. 25, 2002). |
| 12/02/2002 | Petitioner filed this habeas corpus petition.[2] |
| 01/04/2006 | Petitioner filed a motion for leave to file an answer out of time in this habeas action [Docket #7]. |
| 01/20/2006 | This court granted petitioner's motion to file an answer out of |

---

[2] The court is aware of the prisoner "mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 270, 276 (1988). The petition was dated November 25, 2002, but the court's analysis of the timeliness of Ground III is not affected by this one-week difference.

>   time [Docket #8] and filed petitioner's answer [Docket #9].

> 02/13/2006  This court construed petitioner's answer as a supplemental claim of ineffective assistance of counsel and directed the respondent to file a response [Docket #10].

Section 2244(d) provides that:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows that petitioner's conviction became final on September 26, 2001, when the ninety-day period for a certiorari appeal to the United States Supreme Court expired. *See* Sup. Ct. R. 13. Petitioner's initial deadline for presenting his federal claims, therefore, was September 26, 2002. *See* 28 U.S.C. § 2244(d)(1)(A). The limitations period, however, was tolled while petitioner's properly filed post-conviction application was pending

from September 10, 2001, until April 25, 2002. *See* 28 U.S.C. § 2244(d)(2). Although petitioner did not appeal the denial of post-conviction relief, the limitations period also is tolled for the 30 days in which petitioner could have filed an appeal. *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000). The tolling, therefore, was extended to May 25, 2002, and his ultimate deadline for filing a federal habeas petition was one year later on May 25, 2003. Petitioner's original habeas petition, filed on December 2, 2002, was timely.

The United States Supreme Court has held that a federal habeas corpus petition does not toll the statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 181 (2001). Therefore, the statute of limitations expired on May 25, 2003. Petitioner did not file his motion to supplement the record until January 20, 2006, well beyond the deadline. Unless the supplement relates back to the filing of the original petition, the AEDPA's statute of limitations applies to the supplement. *See Mayle v. Felix*, ___ U.S. ___, 125 S.Ct. 2562, 2566 (2005). In *Felix* the Supreme Court held that "[a]n amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 2566.

Petitioner's original petition asserted the State failed to establish a chain of custody for the baggie of methamphetamine he was convicted of possessing, because the police officer who recovered the baggie kept it at his apartment for several days before taking it to the police evidence locker. In his motion to supplement, petitioner claims his trial counsel was ineffective in (1) failing to object to the introduction of the baggie, (2) failing to establish the chain of custody, and (3) failing to file a motion for a new trial. The court finds the ineffective assistance of trial counsel claim is supported by facts that are "separated in

7

time and type" from than those of the police officer's out-of-court pretrial conduct. *See id*. at 2571. Therefore, Ground III is untimely.

The court further finds that petitioner is not entitled to equitable tolling. Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). In addition, equitable tolling principles apply only where a prisoner has diligently pursued his federal habeas claims. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.), *cert. denied*, 525 U.S. 891 (1998). *See also Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618-19 (3d Cir. 1998) (equitable tolling applies only where prisoner has diligently pursued claims, but has in some "extraordinary way" been prevented from asserting his rights).

Petitioner's only explanation for the delay is that he is proceeding without benefit of counsel, and until he thoroughly investigated his entire file, he did not discover the ineffective assistance of counsel claim. However, the Court of Criminal Appeals found in his direct appeal that trial counsel did not object to the introduction of the baggie of methamphetamine. *Skelton*, No. F-2000-741, slip op. at 2. Therefore, petitioner was aware of that claim as early as June 28, 1991, when his conviction was affirmed. The court finds petitioner has failed to demonstrate he has diligently pursued his claims or that he was prevented from asserting an ineffective assistance of counsel claim within the limitations period through no fault of his own. Ground III of this petition is barred by the statute of limitations.

**ACCORDINGLY**, the respondent's motion to dismiss is GRANTED, and this action be, in all respects, DISMISSED.

**IT IS SO ORDERED** this 28th day of March 2006

Frank H. Seay
United States District Judge
Eastern District of Oklahoma